IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:23-CV-137

| | |
|---|---|
| JAMEELAH HAYES ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **(Jury Trial Requested)** |
| ) | |
| AMERICAN ASSOCIATION OF STATE ) | |
| HIGHWAY TRANSPORTATION ) | |
| OFFICIALS ) | |
| Defendant. ) | |

COMES NOW the Plaintiff, by and through undersigned counsel, complaining of the Defendant, and alleges and says the following:

## NATURE OF THE CASE

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, §1981, and for breach of contract. The jurisdiction of this Court is invoked to redress the deprivation of rights guaranteed by federal law. These rights provide for damages for racial discrimination in the making and enforcement of contracts, racial discrimination, and breach of contract. Plaintiff seeks damages, including compensatory, punitive, and mental anguish damages, suffered as a result of the intentional and unlawful discrimination by Defendants as more fully described below.

## PARTIES AND JURISDICTION

1. Jameelah Hayes ("Plaintiff" or "Hayes") is an African-American female citizen, of North Carolina

2. Upon information and belief, Defendant American Association of State Highway Transportation Officials ("AASHTO" of "Defendant") is a duly organized

corporation, operating and existing pursuant to the laws of the District of Columbia.

3. This Court has original jurisdiction over the subject matter of the complaint outlined herein, and may exercise pendant jurisdiction over claims grounded in state law.

4. This Court may exercise personal jurisdiction over Defendant, as the Eastern District of North Carolina is where the Plaintiff resides and the facts giving rise to the allegations contained in the complaint, constitute sufficient minimum contacts.

5. Venue is proper pursuant to USC §1391 as the Eastern District of North Carolina is the District in which Plaintiff resides, and with which Defendant has sufficient minimum contact.

## FACTUAL ALLEGATIONS

6. The allegations contained in paragraphs 1 through 5 are realleged and incorporated herein by reference.

7. Plaintiff Hayes began working for AASHTO in January of 2013 as a program manager of engineering.

8. Plaintiff was employed by Defendant for approximately eight years and received great performance reviews.

9. On or about June 11, 2020 I met with Jim McDonnell, who was my department director.

10. During this meeting, I also met with Jim Tymon, the executive Director, and with Clarisse Coble, the director of Human Resources ("HR").

11. The purpose of this meeting was to inform Defendant of my desire to relocate my

family to North Carolina.

12. Initially I was told by these directors, my work was highly valued, and they would inquire about ways for me to stay employed with AASHTO. There was no discussion regarding termination.

13. I relied on this information, and proceeded to sell my home and relocate my family to NC.

14. On or about July 31, 2020, I met again with Jim McDonnell, Jim Tymon, Clarisse Coble, and Brandye Hendrickson to discuss my employment with AASHTO.

15. During this meeting, I was told that I would be receiving a seven-month contract to begin on September 1, 2020 through March 31, 2021.

16. There were no previous discussions about becoming, nor did I ask to become, a contracted worker.

17. After the July 31 meeting, I called Jim McDonnell to confirm and clarify what I understood had just been offered.

18. McDonnell apologized for the seven-month contract, citing changes during discussions regarding my employment.

19. On or about August 4, 2020 I received a contract with a begin date of September 1, 2020 through March 31, 2021.

20. The email containing the contract also stated I would need to submit a resignation letter before transitioning to the contract position.

21. On or about August 24, 2020 I emailed Coble regarding the reasons for the short-term

3

contract that was given to me. I explained that temporary employment was never mentioned nor contemplated during our initial meeting.

22. I reluctantly signed the contract under duress because I needed to provide income for my family that I had just relocated short time prior.

23. I was never provided any policy,, guidelines, or processes on contractor selection.

24. On August 31st, I submitted my resignation letter as requested and signed the contract.

25. My contract stipulated that I was responsible for the same job responsibilities that I had has a full-time employee who worked at headquarters.

26. On, February 9, 2021, I received an email stating they wanted to extend my contract through September 30, 2021.

27. I agreed to the six-month extension.

28. In June, I was told they would be posting my position.

29. My contract was not renewed.

30. I filed an EEOC complaint while I was still a full-time employee on the premise that I was being treated differently than my Caucasian co-workers.

## COUNT I

Breach of Contract

31. Paragraphs 1 through 30 are hereby incorporated by reference.

32. Plaintiff and Defendant were engaged in a mutual, binding, and valid contract whereby Defendant's agreed to employ and Plaintiff agreed to work through

4

September 30, 2021.

33. Defendants breached the duty to perform in accordance with the agreement when it terminated Plaintiff's employment contrary to the provisions in the contract.

34. Defendant's breach of the duty to perform in accordance with the contract constitutes a material breach, as Plaintiff has been denied the benefits of her bargained upon agreement.

35. As a direct, proximate, and foreseeable result of Defendant's breach, Plaintiff has been damaged including but not limited to lost wages.

## COUNT II

Retaliation

36. Paragraphs 1 through 56 are incorporated herein by reference.

37. Plaintiff was engaged in a protected activity when she filed her Charge of Discrimination with the EEOC.

38. Plaintiff was also engaged in protected activity when she initiated discussions regarding her employment with her supervisors.

39. As a result of Plaintiff's engagement in protected activity, Defendant took a materially adverse employment actions against her by terminating her contract prematurely.

## COUNT III

§1981: Discrimination

1. Paragraphs 1 through 56 are incorporated herein by reference.

2. Defendant has illegally and unjustifiable discriminated against Plaintiff Hayes, on the basis of her race, by prematurely terminating her employment

3. Defendant did not abide by it's contractual obligation to employ Plaintiff for a specific and definite period of time as would have been afforded to Caucasian workers.

4. Such conduct has damaged Plaintiff, and deprived her of her right to earn a livable wage in accordance with her bargained for contract.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that:

1. As to Count I of this Complaint, Plaintiff have and recover of the Defendants compensatory damages in an amount in excess of $25,000.00.

2. As to Count II of this Complaint, Plaintiff have and recover of the Defendant compensatory damages in an amount in excess of $25,000.00.

3. As to Count III of this Complaint, Plaintiff have and recover of the Defendant compensatory damages in an amount in excess of $25,000.00.

4. As to all appropriate Counts of this Complaint, Plaintiff have and recover reasonable

attorney's fees from the Defendant.

5. As to all appropriate Counts of this Complaint, Plaintiff be awarded pre-judgment and post-judgment interest.

6. The Plaintiff be awarded front pay.

7. That the costs of this action be taxed against the Defendant.

8. That this case have a **Trial By Jury** on all issues so triable.

9. For injunctive relief and such other and further relief as the Court may deem just and proper.

This the 21st day of March, 2022.

          **HAIRSTON LANE, PA**

          **/s/ Bryan M. Sumner**
          Bryan M. Sumner
          N.C. Bar No: 55515
          James E. Hairston, Jr.
          N.C. Bar No: 19687
          *Attorneys for Plaintiff*
          434 Fayetteville Street, Suite 2350
          Raleigh, North Carolina 27601
          (919) 838-5295 Telephone
          (888) 510-1160 Facsimile